IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL INDICTMENT |
| v.       : | |
| : | NO. 1:08-CR-325-WSD |
| RADONUS BRYAN    : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by David E. Nahmias, United States Attorney, and Assistant United States Attorney Zahra S. Karinshak for the Northern District of Georgia, and files this sentencing memorandum, as requested by the Court, to address whether defendant is properly considered a career offender under USSG § 4B1.1.  The Government contends that defendant is a career offender; thus, the defendant's total offense level would be level 27, Criminal History Category VI, with a resulting guideline range of 130-162 months.  Under the terms of the plea agreement, both parties agree to recommend that defendant be sentenced to imprisonment for a term of ten years (120 months) – the statutory maximum for Counts One and Two of the Indictment.[1]  (Doc. 22-2, ¶ 14).  This sentencing memorandum will highlight why defendant is properly considered a career offender.

---

[1] This recommendation is based in part on defendant's cooperation, which will be discussed more fully at the sentencing hearing.

I.      BACKGROUND

On November 25, 2008, the defendant plead guilty to the following charges in the Indictment: Count One - Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g); and Count Two - Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841.  (Doc. 22-2, ¶ 1).[2]  Pursuant to 21 U.S.C. § 851, the Government filed an Information Establishing Prior Conviction for the Purpose of Increased Punishment (Doc. 20); thus, both Counts One and Two have a maximum term of imprisonment of ten (10) years.  (Doc. 22-2, ¶ 3).

II.     ARGUMENT

In his objections to the pre-sentence report (PSR), defendant contends that he is not a career offender because his instant conviction for felon in possession of a firearm (Count One) is not considered a crime of violence or a controlled substance offense. However, defendant overlooks that his instant conviction for possession with intent to distribute marijuana (Count Two) is considered a controlled substance offense thus making defendant a career offender.

Under the Sentencing Guidelines, a defendant is a career

---

[2]     Pursuant to the plea agreement, the Government has agreed that, upon sentencing of the defendant, and with leave of Court, it will file a dismissal of Count Three of the Indictment, which alleges a violation of 18 U.S.C. § 924(c).

2

offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1 (a). "Controlled substance offense" means "an offense under federal or state law, punishable by a term of imprisonment exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2 (b). Moreover, in applying the career offender guideline, "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." USSG § 4B1.1 (b).

Here, the record is clear that defendant was at least 18 years old at the time he committed the instant offenses to which he has plead guilty. (PSR, Date of Birth - December 21, 1983). The instant offense that is the basis for Count Two, possession with intent to distribute marijuana, is a federal offense punishable by a term of imprisonment exceeding one year and meets the "controlled substance offense" definition outlined above. In addition, defendant's prior convictions for Possession of MDMA with Intent to

3

Distribute on November 24, 2004 (PSR ¶ 47) and Possession of MDMA with Intent to Distribute on January 7, 2005 (PSR ¶ 48) qualify as controlled substance offenses within the meaning of § 4B1.2 (b). Thus, defendant meets the plain language definition of a career offender and should be treated as such by this Court.  See United States v. Govan, 293 F.3d 1248 (11th Cir. 2002)(district court erred in refusing to apply career offender guideline); United States v. Green, 436 F.3d 449 (4th Cir. 2006)(sentence imposed as result of incorrect application of USSG § 4B1.1 vacated as unreasonable).

In applying USSG § 4B1.1 to defendant, the offense level from the table at (b) would result in an offense level of 24, minus 3 levels for acceptance of responsibility, for an end result of offense level 21.  However, the "otherwise applicable" offense level from USSG § 2K2.1 (applicable to the grouping of Counts One and Two) is 30 minus 3 levels for acceptance of responsibility, for a total offense level of 27 – a higher offense level that should be applied here.  Moreover, as argued by the probation officer in response to defendant's objection, the chapters of the Sentencing Guidelines are to be applied sequentially such that Chapters Two (Offense Conduct) and Three (Adjustments) are calculated before applying Chapter Four (Criminal History and Criminal Livelihood). See USSG § 1B1.1 (Application Instructions).  Here, the career offender guideline, USSG § 4B1.1, is found in Chapter Four and is thus calculated after the offense conduct and grouping for the

underlying offenses of conviction have been applied to defendant. Given this orderly sequence of treatment by the Guidelines, there is no "mixing of apples and oranges" as alleged by defendant in his PSR objections.  To sentence defendant to "a violation of 922(g) with a Criminal History Category of III" as urged by defendant totally ignores defendant's drug conviction in Count Two.

### III.   CONCLUSION

The Government respectfully requests that this Court find defendant to be a career offender, with a total offense level of 27, criminal history category VI, and a resulting guideline range of 130-162 months.  The Government further requests that this Court sentence defendant to 120 months' imprisonment, the statutory maximum as to each Count, as recommended by both parties in the plea agreement.

This 23rd day of January, 2009.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY


/*s/ZAHRA S. KARINSHAK
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 407911
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6324
(404)581-6181 (Fax)

5

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the persons listed below a copy of the foregoing document and all attachments by electronic filing:

>Vionnette Johnson, Esq.
>Federal Defender Program
>100 Peachtree Street
>The Equitable Building, Suite 1700
>Atlanta, GA 30303

This 23rd day of January, 2009.

/*s/ZAHRA S. KARINSHAK
ASSISTANT UNITED STATES ATTORNEY